# United States Court of Appeals for the Fifth Circuit

_____

No. 22-51077
_____

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER GONZALES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CR-646-1

_____

Before KING, JONES, and OLDHAM, *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:

In a February 12, 2024, opinion, this panel affirmed defendant Cristopher Gonzales's conviction for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and rejected his argument that the district court plainly erred in in failing to apply Section 5G1.3(c) of the Sentencing Guidelines. *United States v. Gonzales*, No. 22-51077, 2024 WL 550332 (5th Cir. Feb. 12, 2024). We did, however, hold that the district court procedurally erred in imposing a sentence that did not clearly effectuate its judgment, as we identified a discrepancy between the district court's oral statements at the sentencing hearing and the written judgment. *Id.* at *3. Specifically, there

was an inconsistency between the face of the judgment and the district court's oral pronouncements as to whether the 43 months the defendant spent in state detention before pleading guilty to federal charges should count toward his sentence. *Id.* We authorized a limited remand for the district court to clarify its intent regarding Gonzales's sentence. *Id.*

On remand, the district court did not reduce Gonzales's sentence by 43 months. Instead, the district court added new language to the judgment stating: "[i]t is further ordered that this term of imprisonment run concurrently to any term imposed by the State of Texas." This court then requested supplemental briefing to determine whether the district court's amended judgment adequately answers all remaining issues on appeal. Following a review of the supplemental briefs and pertinent portions of the record, we agree with the United States that the amended judgment fully clarifies the district court's intent regarding Gonzales's sentence and resolves all issues on appeal.

Further, the district court declined, on remand, to reduce Gonzales's federal sentence by 43 months. This decision is consistent with the district court's various statements during sentencing, as well as the court's decision to impose an upward variance on Gonzales's sentence. Thus, we disagree with Gonzales's argument that there is still a live controversy on appeal and that the district court's judgment remains ambiguous.

Last, there is no reason to disturb our earlier conclusion that Gonzales's constitutional challenge to his Section 922(g)(1) conviction fails under plain error review. We continue to be bound by *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081(2024), and our circuit has applied this precedent without reservation since the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889 (2024). *See United States v. Hildreth*, 108 F.4th 912, 919 (5th Cir. 2024);

No. 22-51077

*United States v. Wilson*, No. 23-50509, 2024 WL 3610416, at *2 (5th Cir. Aug. 1, 2024).

We thus AFFIRM the district court's amended judgment.